United States District Court
For the Northern District of California

1

2

3                          UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6

7    CURLEE C. DENNIS,

8              Plaintiff,                        No. C 10-2328 PJH

9         v.                                     **ORDER DENYING MOTION FOR
                                                 PRELIMINARY INJUNCTION**
10   WELLS FARGO BANK, NA, et al.,

11             Defendants.

     _____/

12

13        Plaintiff's motion for preliminary injunction came on for hearing on July 14, 2010

14   before this court.  Plaintiff, Curlee C. Dennis ("plaintiff"), appeared in pro per.  Defendant

15   Wachovia ("defendant" or "Wachovia") appeared by telephone through its counsel,

16   Christopher Carr.  Having read all the papers submitted and carefully considered the

17   relevant legal authority, the court hereby DENIES the motion for preliminary injunction, as

18   stated at the hearing, as follows.

19        Plaintiff's complaint alleges five causes of action against defendant Wachovia and

20   others: (1) declaratory relief; (2) breach of contract; (3) misrepresentation/fraud; (4) quiet

21   title; and (5) violations of the Racketeering Influenced and Corrupt Organizations Act

22   ("RICO").  As the court highlighted to plaintiff at the previous hearing on plaintiff's motion for

23   temporary restraining order, for a plaintiff to successfully seek a preliminary injunction, the

24   law requires that the plaintiff establish that he is likely to succeed on the merits, that he is

25   likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

26   equities tips in his favor, and that an injunction is in the public interest (where the public

27   interest is at issue).  See Winter v. Natural Resources Defense Council, Inc., 129 S.Ct.

28   365, 374 (2008); see also Munaf v. Geren, 128 S.Ct. 2207, 2218-19 (2008).  Noting that

United States District Court

For the Northern District of California

1   the plaintiff could likely satisfy the irreparable harm requirement, the court furthermore

2   instructed plaintiff to focus on the likelihood of success factor in connection with any one

3   cause of action, in bringing any preliminary injunction motion.

4        Plaintiff's motion fails to satisfy this standard.  Indeed, the vast majority of plaintiff's

5   motion targets arguments unrelated to any of the claims asserted in plaintiff's complaint.

6   Plaintiff's motion, for example, addresses violations of the Consumer Legal Remedies Act;

7   defendant World Savings Bank's securitization of instruments, resulting in conversion and

8   unjust enrichment ; defendant World Savings Bank's predatory lending; an invalid

9   substitution of trustee performed by defendants Cal-Western Reconveyance Corporation

10  and Wells Fargo; and a World Savings Bank and its agents' wrongful breach of a purported

11  agent-trustee relationship.  See generally Mot. Prelim. Inj.  None of these arguments

12  relates to the merits of any claim asserted in plaintiff's underlying complaint – or even, in

13  fact, any claim asserted therein against *Wachovia* specifically.

14       Reading plaintiff's arguments as charitably as possible, only one of her arguments –

15  that regarding the existence an unconscionable and unenforceable contract – may be

16  construed as an argument in connection with the merits of her underlying breach of

17  contract claim.  However, plaintiff's argument fails to identify the precise contract at issue,

18  the parties purportedly bound by the contract, or the means by which any provision of such

19  contract is unconscionable or unenforceable.  This alone dooms plaintiff's argument.  See,

20  e.g., First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001)(elements

21  of a breach of contract claim are the existence of a contract, performance by the plaintiff or

22  excuse for nonperformance, breach by the defendant, and damages).  Moreover, to the

23  extent plaintiff argues instead that she was "induced into signing" an "illegal cognovit note"

24  that prevented her from "intentionally, deliberately, or intelligently and knowingly" waiving

25  her due process rights, such an argument is both nonsensical and lacking in merit.  A

26  "cognovit" is "an acknowledgment of debt or liability in the form of a confessed judgment,"

27  and is traditionally an instrument signed by a defendant.  Black's Law Dictionary (Eighth

28

Ed.).  It is not immediately apparent, and plaintiff does not explain, how such an instrument

is either relevant to the current action, or even in existence.  All of which collectively

demonstrates to the court that, even construed liberally, plaintiff's arguments regarding her

breach of contract claim fall short of establishing a likelihood of success on the merits of

her claim.

In short, because plaintiff has failed to come forward with any argument that

adequately establishes her likelihood of success on the merits of any underlying claim, the

court DENIES the motion for preliminary injunction.

**IT IS SO ORDERED.**

Dated: July 15, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

**United States District Court**
For the Northern District of California

3